

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

United States Courthouse
110 North Heber Street
Beckley, WV 25801

PHONE: (304) 253-6722
FAX (304) 253-9316

FILED

MAY 19 2008

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

March 28, 2008

William S. Winfrey, II, Esquire
P.O. Box 1159
Princeton, WV 24740

> Re:  United States v. Gilmore Richards
>      Criminal No. 1:08-00040 (USDC SDWVa)

Dear Mr. Winfrey:

This will confirm our conversations with regard to your client, Gilmore Richards (hereinafter "Mr. Richards"). As a result of these conversations, it is agreed by and between the United States and Mr. Richards as follows:

1.  **PENDING CHARGES.**  Mr. Richards is charged in two counts of a three-count indictment as follows:

   (a)  Count One charges Mr. Richards with a violation of 21 U.S.C. § 846 (conspiracy to distribute quantities of oxycodone); and

   (b)  Count Two charges Mr. Richards with a violation of 21 U.S.C. § 841(a)(1) (distribution of a quantity of cocaine base).

2.  **RESOLUTION OF CHARGES.**  Mr. Richards will plead guilty to Count Two of said indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1). Following final disposition, the United

_____
GILMORE RICHARDS
Defendant

_____
WILLIAM S. WINFREY, II, ESQUIRE
Counsel for Defendant

4-1-08
_____
Date Signed

4/1/08
_____
Date Signed

States will move the Court to dismiss Count One in Criminal No. 1:08-00040 as to Mr. Richards.

3.  **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Mr. Richards will be exposed by virtue of this guilty plea is as follows:

(a)  Imprisonment for a period of up to 20 years;

(b)  A fine of $1 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)  A term of supervised release of three years;

(d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

(e)  Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Richards for a period of five years; and

(f)  Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

4.  **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Richards will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.  Mr. Richards will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea

GILMORE RICHARDS
Defendant

4-1-08
Date Signed

WILLIAM S. WINFREY, II, ESQUIRE
Counsel for Defendant

4/1/08
Date Signed

agreement.  If the defendant fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Richards.

        5.    **COOPERATION.**    Mr. Richards will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.   In complying with this provision, Mr. Richards may have counsel present except when appearing before a grand jury.

        6.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Richards, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

        7.    **LIMITATIONS ON IMMUNITY.**    Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Richards for any violations of federal or state laws.   The United States reserves the right to prosecute Mr. Richards for perjury or false statement if such a situation should occur pursuant to this agreement.


_____          _____
GILMORE RICHARDS                          Date Signed
Defendant

_____          _____
WILLIAM S. WINFREY, II, ESQUIRE           Date Signed
Counsel for Defendant

8.    **PAYMENT OF MONETARY PENALTIES.**  Mr. Richards agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Richards further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

9.    **APPEAL OF SENTENCE.**  The United States and Mr. Richards knowingly and voluntarily waive their right to seek appellate review of the reasonableness of any sentence imposed by the District Court, so long as that sentence falls within the range established by the United States Sentencing Guidelines. This waiver, however, does not prevent either party from arguing for a sentence above or below the guideline range at or before the sentencing hearing, nor does it prevent either party from seeking appellate review of the District Court's calculation of the guideline range, if an objection is properly preserved.

Further, the United States and Mr. Richards agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is outside of the range provided for the offense of conviction by the United States Sentencing Guidelines.

10.   **FINAL DISPOSITION.**  The matter of sentencing is within the sole discretion of the Court.  The United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

| | |
|---|---|
| _Gilmore Richards_ | 4-1-08 |
| GILMORE RICHARDS | Date Signed |
| Defendant | |
| _William S. Winfrey_ | 4/1/08 |
| WILLIAM S. WINFREY, II, ESQUIRE | Date Signed |
| Counsel for Defendant | |

(a)   Inform the Probation Office and the Court of all relevant facts and conduct;

(b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)   Respond to questions raised by the Court;

(d)   Correct inaccuracies or inadequacies in the presentence report;

(e)   Respond to statements made to the Court by or on behalf of Mr. Richards;

(f)   Advise the Court concerning the nature and extent of Mr. Richards' cooperation; and

(g)   Address the Court regarding the issue of Mr. Richards' acceptance of responsibility.

11.   **VOIDING OF AGREEMENT.**  If either the United States or Mr. Richards violates the terms of this agreement, the other party will have the right to void this agreement.  If the Court refuses to accept this agreement, it shall be void.

12.   **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Richards in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Richards in any Court other than the United States District Court for the Southern District of West Virginia.

_____          _____
GILMORE RICHARDS                           Date Signed
Defendant


_____          _____
WILLIAM S. WINFREY, II, ESQUIRE            Date Signed
Counsel for Defendant

William S. Winfrey, II, Esquire
March 28, 2008
Page 6                                    Re:  Gilmore Richards


        Acknowledged and agreed to on behalf of the United States:

                              CHARLES T. MILLER
                              United States Attorney

                  By:   MILLER A. BUSHONG, III
                              Assistant United States Attorney

MAB/tlc

I hereby acknowledge by my signature at the bottom of each page of
this six-page agreement that I have read, understand and agree to
each of the terms and conditions set forth in this agreement.


_____        _____
GILMORE RICHARDS                        Date Signed
Defendant


_____        _____
WILLIAM S. WINFREY, II, ESQUIRE         Date Signed
Counsel for Defendant