```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:08-00040-001

GILMORE RICHARDS

## **MEMORANDUM OPINION AND ORDER**

In Charleston, on March 22, 2016, came the defendant, Gilmore Richards, in person and by counsel, William S. Winfrey, II; came the United States by Miller A. Bushong, III, Assistant United States Attorney; and came United States Probation Officer Patrick M. Fidler, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violation contained in the petition to revoke the term of supervised release, filed on February 22, 2016. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant admitted the conduct as alleged in the petition. Accordingly, the court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was six to twelve months. The court further found that the Guideline ranges issued by the Sentencing

Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

For reasons placed on the record at the hearing, counsel for defendant asked the court to hold the proceeding in abeyance in order to allow defendant to receive intensive treatment for his substance abuse problems. Accordingly, the court **ORDERED** the proceeding continued until further order of the court. Counsel for defendant is **DIRECTED** to file a status report with the court regarding defendant's progress in 90 days from entry of this Order or when defendant successfully completes his treatment program, whichever occurs first. The court further found by clear and convincing evidence that the defendant does not pose a risk of flight or danger to the community. Therefore, defendant was continued on bond.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United

States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 25th day of March, 2016.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge